**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL JURY DIVISION – LEXINGTON DOCKET**

| | |
|---|---|
| SABINA ANDERSON and PAUL PRESTARRI, On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) *Plaintiffs*, ) ) v. ) ) BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, ) ) ) ) ) *Defendants*. ) | **COLLECTIVE ACTION** **CASE NO. _____** **JUDGE _____** **JURY DEMAND** |

## I.  INTRODUCTION

1.  Plaintiffs Sabina Anderson and Paul Prestarri bring this action against Defendants Bluegrass Hospitality Group, LLC and Bluegrass Hospitality Management, LLC ("Defendants") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.* Defendants paid certain employees, including servers and bartenders, a tipped hourly wage less than the statutory $7.25 per hour minimum wage (and the statutory $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and relied on the "tip credit" provisions of the FLSA and the KWHA to satisfy their statutory minimum wage obligations. The employees Defendants paid in this manner are referred to herein as "Tip Credit Employees."

2.  Defendants violated the FLSA and the KWHA because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; (2) required Tipped Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks

1

before and after serving customers and throughout their shift while being paid less than the statutory minimum wage; and (3) unlawfully required Tip Credit Employees to remit their tips to a tip pool for distribution among other employees, in violation of KRS 337.065, which (prior to July 1, 2022) prohibited an employer from "require[ing] an employee to participate in a tip pool whereby the employee is required to remit to the pool any gratuity, or any portion thereof, for distribution among employees of the employer."[1] By failing to satisfy the requirements of the tip-credit provisions of the FLSA and the KWHA and by violating KRS 337.065 (prior to July 1, 2022), Defendants forfeited their right to rely on the tip credit provisions of the FLSA and the KWHA and failed to pay the required minimum wage (pursuant to 29 U.S.C. § 206 and KRS 337.275) and overtime wage (pursuant to 29 U.S.C. § 207 and KRS 337.285).

3.  Plaintiffs assert their FLSA claims on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) and their KWHA claims as a class action, on behalf of themselves and all others similarly situated, pursuant to Fed. R. Civ. P. 23.

## II. JURISDICTION

4.  This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5.  This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

6.  Venue for this action properly lies in the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

---

[1] The Kentucky Legislature amended KRS 337.065 to permit mandatory tip pooling effective July 1, 2022.

### III.  PARTIES

#### A.  Plaintiffs

7. Plaintiff Anderson is a resident of Lexington, Fayette County, Kentucky.

8. Defendants employed Plaintiff Anderson as a server from approximately June 2021 until the present, though Plaintiff Anderson left her employment from approximately November 2022 until sometime in June or July 2023.

9. Throughout her employment, Plaintiff Anderson worked at Defendants' Malone's Palomar restaurant in Lexington, Kentucky.

10. During her employment, Plaintiff Anderson received hourly wages of less than $7.25 per hour, namely $2.13 per hour, plus customer tips. In other words, during this time, Plaintiff Anderson was a Tip Credit Employee as defined herein.

11. Plaintiff Prestarri is a resident of Richmond, Madison County, Kentucky.

12. Defendants employed Plaintiff Prestarri as a server from approximately January to March 2024.

13. Throughout his employment, Plaintiff Prestarri worked at Defendants' Malone's Hamburg restaurant in Lexington, Kentucky.

14. During his employment, Plaintiff Prestarri received hourly wages of less than $7.25 per hour, namely $2.13 per hour, plus customer tips. In other words, during this time, Plaintiff Prestarri was a Tip Credit Employee as defined herein.

#### B.  Defendants

15. Defendant Bluegrass Hospitality Group, LLC is a Kentucky limited liability company doing business within this judicial district.

16. Defendant Bluegrass Hospitality Group, LLC is headquartered at 866 Malabu

Drive, Suite 250, Lexington, KY, 40502.

17. Defendant Bluegrass Hospitality Group, LLC's registered agent is Brian J. McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

18. Defendant Bluegrass Hospitality Group, LLC has at all relevant times been an employer within the meaning of the FLSA and the KWHA.

19. Defendant Bluegrass Hospitality Management, LLC is a Kentucky limited liability company doing business within this judicial district.

20. Defendant Bluegrass Hospitality Management, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

21. Defendant Bluegrass Hospitality Management, LLC's registered agent is Brian McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

22. Defendant Bluegrass Hospitality Management, LLC has at all relevant times been an employer within the meaning of the FLSA and the KWHA.

## IV.  FACTS

23. Plaintiffs and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at one or more of the restaurants they operate throughout the Commonwealth of Kentucky.

24. At all relevant times, Defendants paid Plaintiffs and other Tip Credit Employees an hourly wage below the applicable KWHA minimum wage and minimum overtime wage rates.

25. Defendants purported to utilize the tip credit to comply with the FLSA's and the KWHA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour) to pay Plaintiffs and other Tip Credit Employees under the FLSA and the KWHA.

26. Prior to relying on the tip credit, employers are required to inform employees of

certain information.

27. Defendants did not inform Plaintiffs and other Tip Credit Employees of the required information prior to relying on the tip credit.

28. Defendants required Plaintiffs and other Tip Credit Employees to contribute a portion of the tips they received from customers to other employees.

29. Remitting tips to other employees was not voluntary; rather, it was a condition of employment and, therefore, mandatory.

30. Defendants required Plaintiffs and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work (*e.g.*, cleaning and preparing their sections, polishing and preparing dinnerware, stocking and restocking stations, etc.) while being paid an hourly wage below the applicable federal and state minimum wage rates.

31. At the beginning of their schedule shifts, Tip Credit Employees routinely spent between 45 minutes and one hour performing non-tip producing work, prior to serving customers.

32. At the end of their scheduled shifts, after serving customers, Tip Credit Employees spent an hour or more performing non-tip producing work.

33. Throughout their scheduled shifts, during the time periods when customers were present in the restaurant, Tip Credit employees spent significant time, routinely at least 15 minutes per hour, performing non-tip producing work. In other words, such time was routinely in excess of twenty percent (20%) of their worktime.

34. Defendants did not track or record the amount of time Plaintiffs and other Tip Credit Employees spent on these non-tip-producing and directly supporting tasks.

35. Defendants knew or acted with reckless disregard of the fact that their pay practices and policies for Plaintiffs and other Tip Credit Employees violated the KWHA.

## V. COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs assert their FLSA claims as a collective action on behalf of the following employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Kentucky restaurants at any time since April 22, 2021.

37. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and these similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI. CLASS ACTION ALLEGATIONS

38. Plaintiffs bring their KWHA claims on behalf of themselves and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Kentucky restaurants at any time since April 22, 2019.

(the "Rule 23 Class").

39. Plaintiff Anderson brings her KWHA claim for minimum and overtime wages due to the Defendants' mandatory tip pool on behalf of herself and, pursuant to Fed. R. Civ. P. 23, on behalf of the following subclass of the Rule 23 Class:

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Kentucky restaurants at any time from April 22, 2019 until on or before June 30, 2022.[2]

---

[2] The Kentucky Legislature amended the KWHA to authorize mandatory tip-pooling, effective July 1, 2022. KRS 337.065.

(the "Mandatory Tip Pool Subclass").

40. Plaintiffs are members of the Rule 23 Class (including the Mandatory Tip Pool Subclass, of which Plaintiff Anderson is a member) they seek to represent.

41. Defendants have employed hundreds of individuals as Tip Credit Employees at their Kentucky restaurants. Thus, the Rule 23 Class (including the Mandatory Tip Pool Subclass) is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

42. Plaintiffs and the members of the Rule 23 Class (including the Mandatory Tip Pool Subclass) share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiffs and the members of the Rule 23 Class they seek to represent were subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example, whether Defendants: (1) provided Tip Credit Employees the required notice prior to relying on the tip credit provisions of the KWHA; (2) required Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks at lower, sub-minimum-wage tipped hourly rates; (3) required Tip Credit Employees to remit tips to a tip pool from which proceeds were shared with other employees.

43. Plaintiffs' claims are typical of the claims of the Rule 23 Class (including the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the KWHA was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally to all their Tip Credit Employees, including Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the

7

Rule 23 Class (including the Mandatory Tip Pool Subclass).

44. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class (including the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with the Rule 23 Class and Plaintiffs have no interests that conflict with those of the Rule 23 Class (including the Mandatory Tip Pool Subclass). Furthermore, Plaintiffs have retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law, including under the KWHA.

45. By failing to pay Plaintiffs and other Tip Credit Employees all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class (including the Mandatory Tip Pool Subclass) predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### VII. CAUSES OF ACTION

#### COUNT I:
#### VIOLATION OF THE MINIMUM WAGE AND
#### OVERTIME REQUIREMENTS OF THE FLSA

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

48. Plaintiffs and all similarly situated individuals are employees entitled to the FLSA's protections.

49. Defendants are employers covered by the FLSA.

50. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

51. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

52. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

53. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiffs and all similarly situated individuals, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

54. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiffs and all similarly situated individuals of the information required by the FLSA; and (2) requiring Plaintiffs and all similarly situated individuals to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

55. As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the FLSA to Plaintiffs and all similarly situated individuals.

56. Therefore, Defendants have violated the FLSA's minimum wage and overtime requirements by paying Plaintiffs and all similarly situated individuals an hourly wage below

9

$7.25 for regular hours worked and below $10.88 for overtime hours worked (*i.e.*, hours worked over 40 in a workweek).

57. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE KWHA

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23.

60. Plaintiffs and the Rule 23 Class (including the Mandatory Tip Pool Subclass) are employees entitled to the KWHA's protections.

61. Defendants are employers covered by the KWHA.

62. The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

63. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

64. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). KRS 337.275, 337.285.

65. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiffs and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

66. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiffs and the Rule 23 Class of the information required by the KWHA; (2) requiring Plaintiffs and the Rule 23 Class to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek); and (3) until and through June 30, 2022, unlawfully requiring Plaintiffs and the Mandatory Tip Pool Subclass to remit their tips to a tip pool for distribution among other employees, in violation of KRS 337.065.

67. Until and through June 30, 2022, employers forfeited the tip credit when they require their tipped employees—such as Plaintiffs and the Tip Credit Employees—to share tips with the employer or any other restaurant employees. *See* KRS 337.275(2); 803 KAR 1:080 § 3.

68. As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the KWHA to Plaintiffs and the Rule 23 Class (including the Mandatory Tip Pool Subclass).

69. Therefore, Defendants have violated the KWHA's minimum wage and overtime requirements by paying Plaintiffs and the Rule 23 Class (including the Mandatory Tip Pool Subclass) an hourly wage below $7.25 for regular hours worked and below $10.88 for overtime hours worked (*i.e.*, hours worked over 40 in a workweek).

70. In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief on behalf of themselves and all

others similarly situated:

  A. An order authorizing prompt notice of this litigation under FLSA, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

  B. An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23 and authorizing prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class (including the Mandatory Tip Pool Subclass);

  C. A finding that Defendants have violated the FLSA and the KWHA;

  D. A finding that Defendants' violations of the FLSA and the KWHA are willful and not in good faith;

  E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

  F. A judgment against Defendants and in favor of Plaintiffs and the Rule 23 Class (including the Mandatory Tip Pool Subclass) for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the KWHA;

  G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

  H. Liquidated damages to the fullest extent permitted under the FLSA and the KWHA;

  I. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent

permitted under the FLSA, the KWHA, and the Federal Rules of Civil Procedure; and,

    J.      Such other and further relief as this Court deems just and proper in equity and under the law.

### IX.  JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: April 22, 2024                              Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
**NICOLE A. CHANIN (TN Bar No. 40239) \***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*\* Pro Hac Vice to be applied for*

*Attorneys for Plaintiffs*