## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL JURY DIVISION – LEXINGTON DOCKET

| | |
|---|---|
| SABINA ANDERSON, PAUL PRESTARRI, and COLE HOWARD, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) COLLECTIVE ACTION ) |
| Plaintiffs, | ) CASE NO. 5:24-cv-00110-GFVT ) |
| v. | ) JUDGE VANTATENHOVE ) |
| BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, | ) JURY DEMAND ) ) ) |
| *Defendants*. | ) |

### JOINT REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to the Federal Rules of Civil Procedure, this report is submitted jointly by the Plaintiffs and Defendants.

**1. RULE 26(f) CONFERENCE.**

A meeting was held on November 11, 2024 via video conference. It was attended by Joshua A. Frank, counsel for the Plaintiffs, and Pierre-Joseph Noebes, counsel for the Defendants.

**2. PRE- DISOVERY DISCLOSURES**

The parties have exchanged Rule 26 disclosures.

**3. DISCOVERY PLAN.**

The parties jointly propose the following discovery plan:

Pursuant to *Clark, et al. v. A &L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), the Parties will engage in discovery prior to Plaintiffs' filing of a motion seeking Court-authorized notice to similarly situated employees of Defendants. As set forth below, the Parties propose a one hundred and twenty (120) day discovery period prior to the filing of Plaintiffs'

motion. The Parties propose that other deadlines be set by this Court following the Court's ruling on Plaintiffs' motion for Court-authorized notice. To this end, the Parties propose that they will move this Court for a scheduling conference to address the setting of the remaining deadlines in this litigation, following the Court's ruling on Plaintiffs' motion for notice. When they move for such a scheduling conference, the Parties will propose a schedule (or competing schedules, if they disagree) for the litigation.

4. **OTHER ITEMS.**

   a. The parties do not request a conference with the Court before entry of the Scheduling Order. However, the Parties submit that they should move this Court for the setting of a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice, during which the deadlines contemplated by this Report would be set.

   b. The parties request a pre-trial conference ninety (90) days before the matter is set for trial.

   c. Any motion by Plaintiffs for Court-authorized notice pursuant to 216(b) of the FLSA shall be filed by March 12, 2025.

   d. The deadline for the parties to move to join additional parties or to amend the pleadings should be set at a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice, except that others may be permitted to join under 29 U.S.C. § 216(b).

   e. Deadlines to complete fact and expert discovery, and to file dispositive, *Daubert*, and second-stage 216(b) motions should be set at a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice.

f.  Settlement cannot be evaluated prior to the close of the FLSA notice period. Mediation may be suitable.

g.  A deadline for final lists of witnesses and exhibits under FRCP 26(a)(3) should be set at a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice.

h.  A deadline for the parties to file objections under FRCP 26(a)(3) should be set at a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice.

i.  This case should be ready for trial one hundred and twenty (120) days after the Court rules on any fully dispositive and decertification motions, and, because the scope of this action is unclear at this time, it is expected to take anywhere between four (4) and seven (7) trial days.

j.  A trial date should be set by this Court at a scheduling conference following the Court's ruling on Plaintiffs' motion for Court-authorized notice.

The parties do not consent to this matter being referred to the magistrate judge for all purposes, including entry of judgment pursuant to 28 U.S.C. § 6360.

| | |
|---|---|
| Date: November 21, 2024 | Respectfully submitted, |
| /s/ David W. Garrison | /s/ Pierre-Joseph Noebes (with permission DWG) |
| **DAVID W. GARRISON, # 98259(KY)**<br>**JOSHUA A. FRANK, # 33294(TN)**<br>**NICOLE A. CHANIN, # 40239(TN)**<br>BARRETT JOHNSTON MARTIN & GARRISON, PLLC<br>200 31st Avenue North<br>Nashville, TN 37203<br>Telephone: (615) 244-2202<br>Facsimile: (615) 647-9242<br>dgarrison@barrettjohnston.com<br>jfrank@barrettjohnston.com<br>nchanin@barrettjohnston.com<br><br>*Attorneys for Plaintiffs* | **LaToi D. Mayo**<br>LITTLER MENDELSON, P.C.<br>333 West Vine Street, Suite 1720<br>Lexington, KY 40507<br>Telephone: 859.317.7970<br>Facsimile: 859.422.6747<br>lmayo@littler.com<br><br>**David B. Jordan**<br>LITTLER MENDELSON, P.C.<br>1301 McKinney Street, Suite 1900<br>Houston, TX 77010.3031<br>Telephone:713.951.9400<br>Facsimile: 713.951.9212<br>djordan@littler.com<br><br>**Pierre-Joseph Noebes**<br>LITTLER MENDELSON, P.C.<br>3424 Peachtree Road N.E., Suite 1200<br>Atlanta, GA 30326.1127<br>Telephone:404.233.0330<br>Facsimile: 404.233.2361<br>pnoebes@littler.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Joint Report of the Parties' Planning Meeting* was filed electronically with the Clerk's office by using the CM/ECF system on November 21, 2024 and will be served upon the Defendants via the CM/ECF filing system as indicated below:

**LaToi D. Mayo**
LITTLER MENDELSON, P.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: 859.317.7970
Facsimile: 859.422.6747
lmayo@littler.com

**David B. Jordan**
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010.3031
Telephone: 713.951.9400
Facsimile: 713.951.9212
djordan@littler.com

**Pierre-Joseph Noebes**
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326.1127
Telephone: 404.233.0330
Facsimile: 404.233.2361
pnoebes@littler.com

*Attorneys for Defendants*

/s/ David W. Garrison