UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

SABINA ANDERSON AND PAUL PRESTARRI, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.

BLUEGRASS HOSPITALITY GROUP, LLC*, et al.*,

    Defendants.

Case No. 5:24-cv-00110-GFVT

**ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' Joint Motion to Dismiss pursuant to Federal Rules of Civil Procedure 41(a)(2) and 23(e). [R. 69.] Plaintiffs brought collective action claims against the Defendants under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and other claims against the Defendants for violation of Kentucky state law as class action claims under Rule 23 of the Federal Rules of Civil Procedure. [R. 30.] The Parties have reached an agreement for the claims at issue in this action, and five other related actions, to proceed in the United States District Court for the Middle District of Tennessee where a related case is pending, entitled Peach v. Bluegrass Hospitality Group, LLC and Bluegrass Hospitality Management, LLC, No. 3:24-cv-00792 (M.D. Tenn.). [R. 69.] The Parties have agreed that such claims shall be tolled based on when they were filed in this action and consistent with the Parties' Stipulation and Agreement Regarding Statute of Limitations filed in this action on June 6, 2024. *Id*. The Parties further agree that jurisdiction and venue are proper in the Middle District of Tennessee for the claims asserted in this action. *Id*. The Defendants have consented

in writing to the filing of a First Amended Class and Collective Action Complaint ("Amended Complaint") in Peach, pursuant to Fed. R. Civ. P. 15(a)(2), that asserts the claims asserted in this action as well as the five other related actions. *Id*.

Because the claims asserted in this action are now asserted in the U.S. District Court for the Middle District of Tennessee in Peach, including the Rule 23 class action claims, the Parties have moved this Court to dismiss this action without prejudice. They contend that because the Rule 23 class claims at issue in this action are being pursued in Peach and because no class has yet to be certified, notice to putative class members regarding this dismissal is not necessary. [R. 69 at 2.]

Pursuant to Federal Rule of Procedure 23(e), class claims may be voluntarily dismissed with the court's approval. Within the Sixth Circuit, before dismissing class claims under Rule 23(e), a court must "examine whether any prejudice to the class will result if the dismissal of the action is allowed without class notice." *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 762 (6th Cir. 2005). If "the district court should find that the putative class members are likely to be prejudiced on account of a settlement of dismissal, the district court should provide Rule 23(e) notice." *Id.* Here no class has been certified, nor has any certification been sought. Additionally, the dismissal sought is without prejudice, meaning putative class members will not be barred from pursuing their claims in the future. Indeed, the very purpose of the dismissal sought is to continue pursuing the claims at issue in this action in a more appropriate venue. Along those lines the Parties have agreed that "such claims shall be tolled based on when they were filed in this action" in a manner consistent with the Parties' previously filed "Stipulation and Agreement Regarding Statute of Limitations. [R. 39-1.]

Based on the circumstances of this case, and the lack of prejudice dismissal will cause to putative class members, the Court will grant the Parties' Joint Motion without providing notice. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Joint Motion to Dismiss **[R. 69]** is **GRANTED**;

2. All claims by the Plaintiffs against the Defendants shall be, and hereby are, **DISMISSED WITHOUT PREJUDICE**, with each party to pay its own costs and fees; and

3. All claims against all parties having been resolved, this matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 12th day of December 2024.

Gregory F. Van Tatenhove
United States District Judge